**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **ISAAC HERES,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**MEDICREDIT, INC.** )<br>)<br>Defendant. ) | **Case No. 1:23cv24815-BB** |

**MEDICREDIT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Medicredit, Inc. (the "**Medicredit**"), in response to the Second Amended Complaint (the "**Complaint**") filed by Isaac Heres ("**Plaintiff**"), denies any violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692a *et seq.* (the "**FDCPA**"). In further response to the Complaint, Medicredit states as follows:

**JURISDICTION AND VENUE**

1. Paragraph 1 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Medicredit denies the same.

2. Paragraph 2 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Medicredit denies the same.

**PARTIES**

3. Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 3 of the Complaint and, therefore, denies the same.

4. Medicredit admits the allegations in Paragraph 4 of the Complaint.

**DEMAND FOR JURY TRIAL**

5. Medicredit admits that Plaintiff has demanded and is entitled to a trial by jury.

**RESPONSE TO ALLEGATIONS**

6. Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 6 of the Complaint and, therefore, denies the same.

7. Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 7 of the Complaint and, therefore, denies the same

8. Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 8 of the Complaint and, therefore, denies the same. Exhibit A speaks for itself. Any conclusions or allegations drawn from Exhibit A are denied.

9. Medicredit is aware that Petitions for Workers' Compensation filed with the Office of Judges of Compensation Claims are available from the OJCC Home (fljcc.org) website. Any conclusions or allegations drawn from this awareness is denied and is irrelevant to this case.

10. Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 10 of the Complaint and, therefore, denies the same. Exhibit A speaks for itself. Any conclusions or allegations drawn from Exhibit A are denied.

11. Exhibit A speaks for itself. Any conclusions or allegations drawn from Exhibit A are denied.

12. Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 12 of the Complaint and, therefore, denies the same.

13. Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 13 of the Complaint and, therefore, denies the same.

14. Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 14 of the Complaint and, therefore, denies the same.

15. Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 1Hel of the Complaint and, therefore, denies the same.

16. Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 16 of the Complaint and, therefore, denies the same.

17. Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 17 of the Complaint and, therefore, denies the same.

18. Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 18 of the Complaint and, therefore, denies the same.

19. Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 19 of the Complaint and, therefore, denies the same.

20. Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 20 of the Complaint and, therefore, denies the same.

21. Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 21 of the Complaint and, therefore, denies the same.

22. Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 22 of the Complaint and, therefore, denies the same.

23. Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 23 of the Complaint and, therefore, denies the same.

24. Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 24 of the Complaint and, therefore, denies the same.

25. Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 25 of the Complaint and, therefore, denies the same.

26. Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 26 of the Complaint and, therefore, denies the same.

27. Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 27 of the Complaint and, therefore, denies the same.

28. Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 28 of the Complaint and, therefore, denies the same. Exhibit B speaks for itself. Any conclusions or allegations drawn from Exhibit B are denied.

29. Exhibit B speaks for itself. Any conclusions or allegations drawn from Exhibit B are denied.

30. Exhibit B speaks for itself. Any conclusions or allegations drawn from Exhibit B are denied.

31. Exhibit B speaks for itself. Any conclusions or allegations drawn from Exhibit B are denied.

32. Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 32 of the Complaint and, therefore, denies the same.

33. Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 33 of the Complaint and, therefore, denies the same.

34. Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 34 of the Complaint and, therefore, denies the same.

35. Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 35 of the Complaint and, therefore, denies the same.

36. Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 36 of the Complaint and, therefore, denies the same.

37. Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 37 of the Complaint and, therefore, denies the same.

38. Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 38 of the Complaint and, therefore, denies the same.

39. Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 39 of the Complaint and, therefore, denies the same.

40. Medicredit denies the allegations in Paragraph 40 of the Complaint to the extent the allegations of Paragraph 40 are directed at Medicredit.

41. Medicredit denies the allegations of Paragraph 41.

42. Paragraph 42 of the Complaint states legal conclusions and legal arguments to which no response is required. To the extent that a response is required Defendant admits it is a

"debt collector" as that term is used and defined under 15 U.S.C. § 1692 a(6). However, Defendant is without knowledge or information sufficient to form a belief as to the truth of whether it is a debt collector for the purposes of this action or whether the "debt" at issue in this case is a "debt" as defined by 15 U.S.C. § 1692 a (5) and therefore, denies same.

43. Paragraph 43 of the Complaint states legal conclusions and legal arguments to which no response is required. To the extent that a response is required Defendant admits it is a "debt collector" as that term is used and defined under 15 U.S.C. § 1692 a(6). However, Defendant is without knowledge or information sufficient to form a belief as to the truth of whether it is a debt collector for the purposes of this action or whether the "debt" at issue in this case is a "debt" as defined by 15 U.S.C. § 1692 a (5) and therefore, denies same.

44. Medicredit admits that it has a Consumer Collection Agency license with the Florida Office of Financial Regulation.

45. Medicredit admits that the license number with the Florida Office of Financial Regulation is CCA0900581.

46. Paragraph 46 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Medicredit complies with all Florida statutes and regulations.

47. Paragraph 47 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Medicredit complies with all Florida statutes and regulations.

48. Paragraph 48 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Medicredit complies with all Florida statutes and regulations.

49. Paragraph 49 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Medicredit complies with all Florida statutes and regulations.

50. Paragraph 50 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Medicredit complies with all Florida statutes and regulations.

51. Paragraph 51 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Medicredit denies the allegations of Paragraph 51.

52. Paragraph 52 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Medicredit denies the allegations of Paragraph 52.

53. Exhibit C speaks for itself. Any conclusions or allegations drawn from Exhibit C are denied.

54. Exhibit C speaks for itself. Any conclusions or allegations drawn from Exhibit C are denied.

55. Exhibit C speaks for itself. Any conclusions or allegations drawn from Exhibit C are denied.

56. Paragraph 56 of the Complaint states a legal conclusion to which no response is required. Exhibit C speaks for itself. Any conclusions or allegations drawn from Exhibit C are denied.

57. Paragraph 57 of the Complaint states a legal conclusion to which no response is required. Exhibit C speaks for itself. Any conclusions or allegations drawn from Exhibit C are denied.

58. Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 38 of the Complaint and, therefore, denies the same.

59. Medicredit denies the allegations of Paragraph 59 and demands strict proof thereof.

60. Medicredit denies the allegations of Paragraph 60 and demands strict proof thereof.

61. Medicredit denies the allegations of Paragraph 61 and demands strict proof thereof.

62. Medicredit denies the allegations of Paragraph 62 and demands strict proof thereof.

63. Medicredit denies the allegations of Paragraph 63 and demands strict proof thereof.

64. Medicredit denies the allegations of Paragraph 64 and demands strict proof thereof.

65. Medicredit denies the allegations of Paragraph 65 and demands strict proof thereof.

66. Medicredit denies the allegations of Paragraph 66 and demands strict proof thereof.

67. Medicredit denies the allegations of Paragraph 67 and demands strict proof thereof.

68. Medicredit denies the allegations of Paragraph 68 and demands strict proof thereof.

69. Medicredit denies the allegations of Paragraph 69 and demands strict proof thereof.

70. Medicredit denies the allegations of Paragraph 70 and demands strict proof thereof.

71. Medicredit denies the allegations of Paragraph 71 and demands strict proof thereof.

72. Medicredit denies the allegations of Paragraph 72.

## COUNT 1
## 15 U.S.C. §1692e(2)(A)

73. Medicredit incorporates by reference responses to Paragraphs 6 through 72.

74. Paragraph 74 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Medicredit denies the allegations of Paragraph 74.

75. Paragraph 75 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Medicredit denies the allegations of Paragraph 75.

76. Paragraph 76 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Medicredit denies the allegations of Paragraph 76.

77. Paragraph 77 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Medicredit denies the allegations of Paragraph 77.

78. Medicredit denies the allegations of Paragraph 78.

79. Medicredit denies the allegations of Paragraph 79.

80. Medicredit denies the allegations of Paragraph 80.

81. Medicredit denies the allegations of Paragraph 81.

WHEREFORE, Defendant Medicredit, Inc respectfully requests that the Court enter an order denying Plaintiff's prayer for damages and dismissing the Complaint with prejudice.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

A. All allegations of Plaintiff's Complaint not specifically admitted by Medicredit are denied.

B. Medicredit asserts that Plaintiff has not incurred any actual damages as a result of the alleged violations by Medicredit of the FDCPA and this Plaintiff does not have standing to continue this cause of action. Alternatively, Medicredit asserts that any such damages incurred were not reasonably foreseeable and/or that Plaintiff has failed to mitigate her damages, if any.

C. Plaintiff's Complaint fails to allege any facts that violate the fundamental purpose of the FDCPA which is to prevent "abusive debt collection practices by debt collectors," § 1692(a) (emphasis added). Nothing in the Plaintiff's Complaint rises to the level of abusive debt collection practices.

D. Plaintiff's Complaint fails to state a cause of action pursuant to Federal Rule of Civil Procedure 12(b)(6) as it, in whole or in part, states mere legal conclusions without sufficient factual support necessary to allege a cause of action and fails to state a claim upon which relief can be granted. As a result, the Complaint does not state a claim which relief can be granted.

E. Plaintiff's Complaint is barred, in whole or in part, by the doctrines of laches, waiver, estoppel and unclean hands. Specifically, Plaintiff signed a consent form when he sought treatment at PHG-Johnston Willis acknowledging his duty to pay for charges not covered by insurance.

F. Medicredit states that any and all failures to comply with the requirements of the Fair Debt Collection Practices Act which may have occurred and about which Plaintiff complains, if they occurred, were not intentional but resulted from bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error; therefore, under the provisions of 15 U.S.C. § 1692k(c), Medicredit is not liable to Plaintiff. Medicredit further asserts

11

that such bona fide error similarly precludes imposition of liability here under any other provision of federal law. Specifically, Medicredit was informed by Plaintiff's counsel that this Plaintiff and the date of service at issue in this case were not covered by workers compensation and Medicredit is entitled to rely on that information.

G. Medicredit states that Plaintiff has failed to plead allegations with required particularity, failed to plead damages with required specificity, and has sustained no actual damages.

H. Medicredit presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, and as of yet unstated, affirmative defenses available. Medicredit reserves the right to assert additional affirmative defenses as they become known.

    Respectfully submitted,

/s/ Drew P. O'Malley
Drew P. O'Malley
Florida Bar No. 106551
Spencer Fane LLP
201 North Franklin Street, Suite 2150
Tampa, Florida 33602
Phone:  813-424-3500
Facsimile:  813-405-8904
domalley@spencerfane.com
jryan@spencerfane.com
ecoutu@spencerfane.com
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 20th day of August, 2024, a true copy of the foregoing has been electronically filed with the Clerk of Court through the Court's CM/ECF E-Filing Portal and served on all counsel of record via transmission of Notices of Electronic Filing generated by the CM/ECF E-Filing Portal, to the following:

    Thomas Patti, Esq.
    Victor Zabaleta, Esq.
    PATTI ZABALETA LAW GROUP
    110 SE 6TH Street, Suite 1732
    Fort Lauderdale, FL 33309
    tom@pzlg.legal
    victor@pzlg.legal
    *Counsel for Plaintiff*

    /s/ *Drew P. O'Malley*
    Attorney